IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02080-MSK-BNB

MARY L. HENNING and
TIMOTHY R. HENNING, SR.,

       Plaintiffs,

v.

UNICO HOLDINGS, INC., a Florida Corporation, and
LONGS DRUG STORES CALIFORNIA, INC., a California Corporation,

       Defendants.
_____

**STIPULATED PROTECTIVE ORDER TO PROTECT THE DISCOVERY AND DISSEMINATION OF CONFIDENTIAL INFORMATION AND DOCUMENTS**
_____

       Upon consideration of the parties' stipulated motion for the entry of a protective order to protect the discovery and dissemination of certain information and documents to be disclosed by the parties, which one or more of the parties claims constitutes confidential or proprietary business information and/or confidential personal or medical information, and it appearing to the Court that good cause exists to support the issuance of a Protective Order,

       IT IS ORDERED that:

       1.     Any party who, in the above-captioned lawsuit (the "Lawsuit"), produces or discloses any document, thing or information in any form at any time during the pendency of the Lawsuit (which shall be referred to singularly or collectively as "discovery materials") may designate such discovery materials as "CONFIDENTIAL" when, in the good faith judgment of the party making the disclosure, they contain confidential medical information, competitively sensitive information, confidential or proprietary business information, or other private personal

identifying or financial information, that is properly subject to protection from disclosure **under Fed. R. Civ. P. 26(c)(7) or otherwise pursuant to law** by law. "Discovery materials" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

2.  The designation of discovery materials as "CONFIDENTIAL" may be effected by visibly marking it "CONFIDENTIAL." To the extent that it would be impractical to visibly mark discovery materials as "CONFIDENTIAL" (e.g., when producing materials in electronic form), discovery materials may also be so designated in contemporaneous correspondence. The inadvertent disclosure in connection with this Lawsuit of one or more documents that the producing party believes to contain or reflect confidential, proprietary or personal and private information shall not constitute a waiver with respect to such discovery materials. In the event of such an inadvertent disclosure of "CONFIDENTIAL" discovery materials, the producing party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as such, consistent with the terms of this Protective Order. It shall not be a violation of this Protective Order if inadvertently disclosed "CONFIDENTIAL" discovery materials have been disseminated to third parties prior to receiving notice of inadvertent disclosure from the producing party.  A party may, pursuant to paragraph 11, and on grounds other than the inadvertent production of such documents, challenge the designation of such documents as "CONFIDENTIAL."

3.  No discovery materials marked or designated as "CONFIDENTIAL" may be used by any recipient of such information, or disclosed to anyone, for any purpose other than in connection with this Lawsuit. No discovery materials that have been designated as

"CONFIDENTIAL" may be disclosed by the recipient of such information to anyone other than those persons designated below in paragraph 4.

    4.    Discovery materials designated as "CONFIDENTIAL" may be disclosed to: (a) any of the parties to this Lawsuit and their agents and employees involved with this Lawsuit; (b) counsel for any of the parties and their firms' partners, directors, shareholders, associates, paralegals, clerical staff and secretaries who are engaged in assisting such counsel with respect to this Lawsuit; (c) experts retained by a party or counsel and any such expert's employees, assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this Lawsuit; (d) any person designated on the face of the material to have authored or received the materials; (e) the Court, its officers and its employees, court reporters, including reporters retained by a party for a deposition; (f) persons noticed for depositions or designated as trial witnesses in the Lawsuit, or those who counsel of record in good faith expect to testify at a deposition or trial in this Lawsuit, to the extent reasonably necessary to testify; (g) any employee of a party or former employee of a party, but only to the extent reasonably necessary for preparation of and trial regarding the Lawsuit; (h) any person designated by the Court in the interest of justice as the Court may deem proper and (i); any other person if consented to in writing by the producing party.

    5.    No person authorized under paragraph 4, items (c), (d), (f) and (g), of this Protective Order to receive access to "CONFIDENTIAL" discovery materials shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party

that seeks to disclose "CONFIDENTIAL" discovery materials at least until the Lawsuit has been concluded and all "CONFIDENTIAL" material has been returned or destroyed pursuant to paragraph 17, below. Any person to whom "CONFIDENTIAL" material is disclosed via the receiving party shall be bound by the provisions of this order and subject to all appropriate sanctions and remedies for violation hereof.

6. Each recipient of "CONFIDENTIAL" discovery materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Lawsuit and solely for the purposes of this Lawsuit.

7. This Protective Order does not prohibit a party from divulging the contents of discovery materials that it has designated "CONFIDENTIAL" to non-parties to this Agreement, unless such materials have been designated as "CONFIDENTIAL" by another party to this Agreement. Nor does this Protective Order prohibit an individual from divulging the contents of discovery materials designated as "CONFIDENTIAL" that have been otherwise independently obtained from a public or non-confidential source or sources.

8. Any discovery materials designated under this Protective Order as "CONFIDENTIAL" which are filed with the court for any purpose shall be filed under seal, in conformance with D.C.COLO.LCivR 7.3.

9. If reference is made to any "CONFIDENTIAL" material during the course of a deposition, a party (or deponent) may designate a portion or portions of the transcript as "CONFIDENTIAL." Said portions of the transcript that include references to any of the "CONFIDENTIAL" material shall not be revealed in any manner to any persons, except pursuant to the provisions of this Order. If a document designated as "CONFIDENTIAL" is

marked as an exhibit at a deposition, such document will not be bound within the transcript, but shall be retained separately by the attorneys for the respective parties or by the court reporter pursuant to the provisions of this Order, or by other written agreement of counsel.

10. ~~"CONFIDENTIAL" material may be introduced by any party at the time of trial or at any court hearing upon advance notice affording the producing party a reasonable opportunity to consider and respond to the proposed use of the information. Prior to or at the time that such material is introduced, the Court shall issue such Order as it deems appropriate for maintaining the confidentiality of such material.~~

11. (a) Any party receiving any discovery materials which have been designated as "CONFIDENTIAL" may object to such designation by, within 20 business days of receipt, giving written notice to the designating party specifying as precisely as possible (*e.g.*, by Bates number) the discovery material in dispute. The designating party shall respond in writing within ten business days of receiving the notification.

(b) If the party disputing a designation of discovery material as "CONFIDENTIAL" does not accept the designating party's response provided pursuant to paragraph 11(a) and the parties are unable to amicably resolve the dispute, the party disputing the designation shall notify the producing party in writing that the dispute has not been resolved and that the disputed material will lose its designation as "CONFIDENTIAL" if the producing party fails to make an application to the Court for a ruling on the dispute. The producing party asserting the designation of confidentiality may, within 20 calendar days after receipt of such written notice, ~~motion~~ **move** the Court for a ruling that the discovery material retain its

designation as "CONFIDENTIAL" under this Order. For all such motions, the party propounding the designation shall bear the burden of justifying the particular designation made.

(c) In the event a designating party fails to respond in writing regarding a disputed designation of discovery material as "CONFIDENTIAL" and/or fails to make an application to the Court for a ruling on a dispute in accordance with paragraphs 11(a) and (b), the party disputing the designation may notify the producing party in writing of such failure and the disputed discovery material shall lose its designation as "CONFIDENTIAL" ten calendar days after such notification (the "Declassification Event"). If an application is filed with the Court before the expiration of such ten day period, however, the disputed discovery material shall retain the designation as "CONFIDENTIAL" pursuant to paragraph 12 below.

12. Documents or information designated as "CONFIDENTIAL" shall retain that designation and remain subject to the terms of this Order until such time, if ever, as: (a) the Court renders a decision that any such document or information is not properly subject to protection from disclosure by law; (b) a Declassification Event occurs with respect to such document or information; or (c) such document or information becomes publicly available without a breach of the terms of this Order.

13. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" discovery materials, and shall be responsible for taking reasonable steps to ensure that each of his or her firm's attorneys, employees, partners, directors, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Lawsuit and the proposed recipients of discovery materials are informed of the terms of this Protective Order and their obligations under it.

14. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

15. Neither this Protective Order nor a party's designation of particular discovery materials as "CONFIDENTIAL" shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Protective Order.

16. (a) The inadvertent production of any discovery material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall within 10 business days of such notice return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information or apply to the Court for guidance regarding the disclosure. The party returning such discovery material shall have the right to apply to the Court for an Order that such discovery material is not protected from disclosure by any privilege, but may not assert as a ground for such application the fact or circumstances of the inadvertent production. In any event, any information inadvertently produced, after notice is

7

given, shall not be further disclosed, disseminated, or otherwise used, unless and until the court orders otherwise.

(b)     In the event the producing party or other person inadvertently fails to designate discovery material as "CONFIDENTIAL," it may make such a designation subsequently by notifying all persons and parties to whom such discovery material were produced, in writing, as soon as practicable.  After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery material as "CONFIDENTIAL," subject to their right to dispute such designation in accordance with paragraph 11.

17.     Within 75 days after final termination of this Lawsuit, including all appeals, any recipient of "CONFIDENTIAL" discovery materials under paragraph 4 of this Protective Order shall use its best efforts to deliver all such materials, including all copies thereof and all documents incorporating or referring to such materials except as provided below, to counsel for the party that disclosed the materials to the recipient, unless the parties otherwise agree in writing.  As an alternative, within the same 75-day period, such a recipient may use its best efforts to ensure that all documents containing "CONFIDENTIAL" discovery materials are destroyed and such destruction confirmed in correspondence to counsel for the disclosing person. A party and its counsel of record need not destroy or return "CONFIDENTIAL" discovery materials incorporated in documents filed with the court, or claims file documents which incorporate or refer to "CONFIDENTIAL" discovery information.  Counsel of record need not destroy or return "CONFIDENTIAL" discovery materials incorporated in work product retained solely by counsel.

18.     This Protective Order shall remain in full force and effect unless modified by an order of the Court ~~or by the written stipulation of all parties hereto filed with the Court~~.  Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this Lawsuit.  Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

19.     If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" discovery materials, the Receiving Party shall give prompt written notice, by facsimile transmission of such subpoena, request for production, or other legal process, to the undersigned counsel for the party producing the "CONFIDENTIAL" discovery materials. To the extent that applicable law allows, the Receiving Party shall not produce any of the producing party's "CONFIDENTIAL" discovery materials without first providing reasonable notice to counsel for the party producing the materials and allowing such party to take any action it deems necessary. The producing party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to any third-party requesting production of "CONFIDENTIAL" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of "CONFIDENTIAL" discovery materials covered by this Order, nor as requiring that such Party subject itself to penalties for non-compliance with any lawful order or process.

20.	The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, ~~and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered as an order by the Court~~.  Disclosure of "CONFIDENTIAL" material other than in accordance with the terms of this Order may subject the person disclosing such material to such sanctions and remedies as the Court may deem appropriate.

Dated April 23, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

Dated April 20, 2007.

| | |
|---|---|
| s/ Peter C. Middleton | s/ Steven Laman |
| Peter C. Middleton, Esq. | Steven Laman, Esq. |
| Hall & Evans, L.L.C. | Burg Simpson Eldredge Hersh & Jardine, P.C. |
| 1125 - 17th Street, Suite 600 | 40 Inverness Drive East |
| Denver, CO  80202 | Englewood, CO  80112 |
| middletonp@hallevans.com | slamen@burgsimpson.com |
| ATTORNEYS FOR DEFENDANT | ATTORNEYS FOR DEFENDANT |
| UNICO HOLDINGS, INC. | LONGS DRUG STORES CALIFORNIA, INC. |

s/ R. Denean Hill
R. Denean Hill, Esq.
Laszlo & Associates, LLC
2595 Canyon Blvd., Suite 210
Boulder, CO  80302
dhill@laszlolaw.com
ATTORNEYS FOR PLAINTIFFS
MARY AND TIMOTHY HENNING

## EXHIBIT "A"

The undersigned (print or type name of person) hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into in the case entitled "Mary L. Henning and Timothy R. Henning, Sr. v. Unico Holdings, Inc., and Longs Drug Stores California, Inc." (Civil Action No. 06-cv-02080-MSK-BNB), pending before the Federal District Court for the District of Colorado, has read the Stipulated Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the Federal District Court for the District of Colorado for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Dated:

[Signature]

[Address]